UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CECILIA D. VAZQUEZ and ELLIOT R. DUPREY<br>Plaintiffs,<br><br>v.<br><br>SELENE FINANCE LP et al.,<br>Defendant. | **MEMORANDUM AND ORDER**<br><br>24-cv-01946 (LDH) (LKE) |

LASHANN DEARCY HALL, United States District Judge:

Cecilia Vazquez and Elliot Duprey ("Plaintiffs") bring the instant action against Selene Finance LP ("Defendant" or "Defendant Selene") under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq., and its implementing Regulation X, 12 C.F.R. § 1024.1, et seq.; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.; and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. Defendant Selene moves, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, to dismiss Plaintiffs' claims against it. (Mem. Of Law Supp. Def. Mot. Dismiss ("Mot."), ECF No. 41-4.)

## BACKGROUND[1]

Defendant's motion is based on the same set of facts that grounded Defendant DLJ Mortgage Capital, Inc. ("Defendant DLJ") motion to dismiss, which the Court granted on

[1] The following facts are taken from Plaintiffs' Complaint as well as the exhibits attached thereto. Where the allegations in the Complaint conflict with what is represented in the attached exhibits, the exhibit "controls and the court need not accept as true the allegations of the complaint." *Blau v. Allianz Life Ins. Co. of N. Am.*, 124 F. Supp. 3d 161, 176 n. 7 (E.D.N.Y. 2015) (quoting *Barnum v. Millbrook Care Ltd. P'ship*, 850 F.Supp. 1227, 1232–33 (S.D.N.Y.1994), aff'd, 43 F.3d 1458 (2d Cir. 1994)).

September 30, 2025.[2] *See Vazquez v. Selene Fin. LP*, No. 24-CV-01946, 2025 WL 2793655 (E.D.N.Y. Sept. 30, 2025.) ("*Vazquez I*").[3]

Plaintiffs own a home located at 93-32 204th Street, Hollis, New York 11523. (Complaint ("Compl.") ¶ 10, ECF No. 1.) The home is encumbered by two mortgages, which were initially consolidated under CitiMortgage (the "Consolidated Mortgage"). (*Id.* ¶¶ 15-16.) In August 2022, Plaintiffs applied for a loan modification from Defendant Selene. (*Id.* ¶ 24.) Initially, the request for modification was denied, and Defendant DLJ commenced foreclosure proceedings in Queens County Supreme Court. (*Id.*) In March 2023, Defendant Selene sent Plaintiffs two letters: one stating Plaintiffs were approved for a "conventional standard modification," and a second offering a "trial modification plan." (*Id.* ¶¶ 25-26.) Plaintiffs signed and returned both agreements by the deadlines listed in each letter. (*Id.* ¶¶ 25, 28.)

As part of the trial modification plan, Plaintiffs pre-authorized two ACH debits for June 1, 2023, and July 1, 2023. (*Id.* ¶¶ 28.) Defendant Selene initiated an ACH debit from the Plaintiffs' bank account on June 2, 2023 for the payment due on June 1, 2023. (*Id.* ¶ 31.) Then, on June 6, 2023, Defendant Selene initiated an unauthorized ACH debit, resulting in Plaintiffs' account being overdrawn. (*Id.* ¶¶ 32.) Ultimately, the debit was reversed by the bank due to insufficient funds. (*Id.*) Defendant Selene also issued an ACH credit to Plaintiffs' account, which Defendant subsequently reversed on June 15, 2023. (*Id.* ¶ 33.) These transactions caused Plaintiffs' account to be significantly overdrawn, thereby causing the bank to lower Plaintiffs' credit limit. (*Id.* ¶ 35.) On July 5, 2023, Defendant Selene initiated an ACH debit from

---

[2] The Court dismissed Plaintiffs' claims against Defendant DLJ in its September 30, 2025 Memorandum and Order. (ECF No. 40.) Defendant Selene voluntarily withdrew its participation in Defendant DLJ's motion to dismiss and filed its own.

[3] The Court assumes the parties' familiarity with the facts in *Vazquez I* and offers an abridged version of the same background here.

Plaintiffs' bank account in satisfaction of the July 2023 payment due under the Trial Modification Plan. (*Id.* ¶ 36.)

On or about July 12, 2023, after Plaintiffs completed their July 1 payment pursuant to the Trial Modification Plan, Defendant Selene sent Plaintiffs' attorney a Modification Document Package (the "second loan modification documents") that required Plaintiffs to return executed documents to Defendant Selene by July 27, 2023. (*Id.* ¶¶ 36-38.) Plaintiffs did not receive the second loan modification documents until July 26, 2023—the day before they were required to return the executed documents. (*Id.* ¶¶ 37-38.) As a result, Plaintiffs were required to take unplanned time off work to execute the second loan modification agreement, which listed Plaintiffs as borrowers, Defendant DLJ as the lender, and Defendant Selene Finance as attorney-in-fact. (*Id.* ¶¶ 23, 39.)

Pursuant to the Modification Documents governing Plaintiffs' modified mortgage, Plaintiffs authorized ACH debits starting on September 1, 2023. (*Id.* ¶ 41.) However, Defendant Selene initiated an ACH debit on August 9, 2023. (*Id.* ¶ 42.) Upon learning of this withdrawal, Plaintiffs requested a stop payment from their bank and a transaction reversal, resulting in the cancellation of the automatic ACH payments. (*Id.* ¶¶ 43–44.) Plaintiffs then manually made a payment in September 2023. (*Id.* ¶ 45; Compl., Ex. Z at 3.) Following this payment, Defendant DLJ agreed to discontinue the foreclosure proceeding it commenced in Queens County Supreme Court. (*Id.* ¶ 46.) However, in mid-September, Defendant Selene called Plaintiffs to advise them that their September installment had not been processed. (*Id.* ¶ 47(b).) Defendant Selene also sent Plaintiffs multiple statements indicating that Plaintiffs were delinquent. (*Id.* ¶¶ 47(a)-(k).) On or about December 18, 2023, Defendant Selene sent Plaintiffs default notices. (*Id.* ¶

47(f).) And, on or about January 18, 2024, Defendant Selene sent Plaintiffs a "New York 90 Day Notice" foreclosure letter. (*Id.* ¶ 47(j).)

The delinquency of Plaintiffs' account was then detailed in a February 16, 2024 letter from Defendant Selene to Plaintiffs, which noted that the last monthly installment it received was for October 2023. (Compl., Ex. Z at 4, ECF No. 1-30.) Subsequently, in a March 6, 2024 letter from Defendant Selene to Plaintiffs, Defendant Selene indicated that Plaintiffs' account was "four months past due with a contractual due date of November 1, 2023." (Compl., Ex. BB at 2, ECF No. 1-32.) Plaintiffs allege that Defendant Selene has continuously misreported their payments notwithstanding them contacting Defendant Selene with multiple written and verbal notices regarding its errors. (*Id.* ¶¶ 48, 50.) Specifically, New York Department of Financial Services ("DFS") submitted three Qualified Written Requests ("QWR") to Defendant Selene on behalf of Plaintiffs on August 11, 2023, January 17, 2024, and February 26, 2024, regarding the purported account errors. (*Id.* ¶¶ 47(a), 47(h), 47(k).) Plaintiffs maintain that Defendant Selene responded to these letters misrepresenting the payments Plaintiffs made, and that this wrongdoing is the product of a pattern and practice of noncompliance as evidenced by numerous other lawsuits and complaints filed against Selene for similar unlawful practices. (*Id.* ¶¶ 47(a), 47(h), 47(k), 51.)

## STANDARD OR REVIEW

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *See Bank of New York v. First Millennium*, 607 F.3d 905, 922 (2d Cir. 2010) ("The same standard applicable to Fed. R. Civ. P. 12(b)(6) motions to dismiss applies to Fed. R. Civ. P. 12(c) motions for judgment on the pleadings." (citing *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994)).

"In each case, the court must 'accept[ ] as true the complaint's factual allegations and draw[ ] all inferences in the plaintiff's favor.'" *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006) (alterations in original) (quoting *Karedes v. Ackerley Grp., Inc.*, 423 F.3d 107, 113 (2d Cir. 2005)).

As with a motion to dismiss under Rule 12(b)(6), a motion for judgment on the pleadings pursuant to Rule 12(c) "must be decided solely on the pleadings before the court, in addition to any materials implicitly or explicitly incorporated by reference into those pleadings." *U.S. v. Certain Real Property and Premises Known as 44 Autumn Ave., Brooklyn, N.Y.*, 156 F.R.D. 26, 30 (E.D.N.Y. 1994). "A complaint should not be dismissed on the pleadings unless it 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Cleveland*, 448 F.3d at 521 (quoting *Sheppard*, 18 F.3d at 150).

**DISCUSSION**

Plaintiffs pursue the following claims against Defendant Selene: (Count I) violation of RESPA by failing to accurately respond to notices of error and requests for information under 12 U.S.C. § 2605(e) and 12 C.F.R. §§ 1024.35, 1024.36; (Count II) violation of RESPA by failing to take timely action to respond to Borrower's request to correct errors under 12 U.S.C. § 2605(k)(1)(C) and 12 C.F.R. §§ 1024.35; (Count IV) violation of RESPA by failing to comply with early intervention requirements under 12 C.F.R. §§ 1024.39 and 12 U.S.C. § 2605(k)(1)(E); (Count V) violation of RESPA by failing to maintain continuity of contact under 12 C.F.R. §§ 1024.40 and 12 U.S.C. § 2605(k)(1)(E); (Count VI) violation of RESPA by failing to comply with loss mitigation procedures under 12 C.F.R. §§ 1024.41 and 12 U.S.C. § 2605(f); (Count VII) violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") by use of false, deceptive or misleading representations under 15 U.S.C. § 1692e; and (Count VIII)

violation of the FDCPA by use of unfair or unconscionable means to collect debt under 15 U.S.C. § 1692f. (Compl. ¶¶ 52-159.) The parties stipulated to the dismissal of Counts III, IX, X, XI, and XII. (Pls.' Pre-Mot. Ltr. at 3, ECF No. 33.)

## I. Plaintiffs Lack Standing to Asserts a Portion of their RESPA Claims (Counts IV, V, and VI) and Their FDCPA Claims (Counts VII and VIII)

To establish Article III standing, a plaintiff must show (1) that he suffered an injury in fact; (2) that the injury was likely caused by the defendant; and (3) that the injury would likely be redressed by judicial relief. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). To demonstrate an injury in fact, a plaintiff must show the invasion of a legally protected interest that is concrete, particularized, actual or imminent, and not conjectural or hypothetical. *Id*. at 560. A statutory violation does not automatically result in a concrete injury for purposes of Article III, and district courts must "independently decide whether a plaintiff has suffered a concrete harm" under Article III. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021). Plaintiffs must also "demonstrate standing for each claim" asserted and cannot rely solely on the general allegations in the body of their Complaint. *Id*. at 431. Defendant Selene argues that the Complaint should be dismissed in its entirety because Plaintiffs failed to allege a specific and concrete injury as to all Counts. (Mot. at 7.) The Court agrees, in part.

Plaintiffs have failed to demonstrate standing for the RESPA claims contained in Counts IV-VI and for the FDCPA[4] claims contained in counts VII and VIII. In each of these Counts,

[4] Even if Plaintiffs were to have constitutional standing to bring their FDCPA claims, the conclusory allegation presented in Counts VII and VIII are not enough to state a claim under the FDCPA. The FDCPA "regulates the conduct of third-party debt collectors who attempt to collect debts on behalf of others." *In re Green*, No. 1-18-41652-ESS, 2020 WL 3412679, at *15 (Bankr. E.D.N.Y. June 18, 2020). "[T]o state a claim under the FDCPA, [] plaintiff[s] must allege that (1) [the plaintiff is] a consumer who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, (2) the defendant collecting the debt is considered a debt collector, and (3) the defendant engaged in any act or omission in violation of FDCPA requirements." *Id.* (internal quotes and citation omitted). Importantly, Plaintiffs must be specific about the acts committed by individuals or corporate entities that violated their rights. *Doe v. City of New York*, No. 11-CV-3978, 2011 WL 3876990, at *2 (E.D.N.Y.

Plaintiffs simply assert that they are "entitled to recover actual damages" or "entitled to actual and statutory damages" without specifying the injury suffered due to Defendant Selene's alleged actions. (Compl. ¶¶ 85, 91, 101, 113, 119.) Plaintiffs' failure to allege specific "reputational or monetary harm" denies them constitutional standing to bring these claims. *TransUnion*, 594 U.S at 425. While it is true that at the pleading stage "general factual allegations of injury resulting from the defendant's conduct may suffice," Plaintiffs must nonetheless plead facts that show they have standing to sue. *Lujan*, 504 U.S. at 561. Here, because Plaintiffs fail to allege any cognizable injury, Plaintiffs' claims that Defendant Selene failed to comply with the requirements of RESPA or the FDCPA are not enough to confer standing for the claims set forth in Counts IV-VIII. (Compl. ¶¶ 84-85, 91, 100-101, 106-119.)

The Court has a different view as to Counts I and II. The damages Plaintiffs allege as to Counts I and II fall into three broad categories: (1) harm to Plaintiffs' credit rating or their line of credit; (2) fees, interest, and late charges, and (3) emotional distress and lost time. (Compl. ¶¶ 68, 72.) Category two is the only category that can support Article III standing because that is the only place Plaintiffs present a potentially cognizable economic injury. *See Hughes v. Ester C Co.*, 930 F.Supp.2d 439, 453 (E.D.N.Y. 2013) ("Economic injury suffices as a form of injury-in-fact that meets the first element of standing."); *Zlotnick v. Equifax Info. Servs.*, LLC, 583 F.

---

Sept. 1, 2011) ("In order to make out a claim under the FDCPA, [Plaintiff] must specify the individuals or corporate entities he believes violated his rights, and must clearly identify the actions taken by those individuals or entities that constituted violations of his rights."). In the context of Sections 1692e and 1692f of the FDCPA, to successfully allege liability, Plaintiffs need to allege that Defendant Selene used false, deceptive, and misleading representations in connection with the collection of the debt or used unfair or unconscionable means to collect a debt. 15 U.S.C. §§ 1692e, 1692f. Here, Plaintiffs merely state that Defendant Selene violated the requirements contained in Sections 1692e and 1692f by wrongfully representing that Plaintiffs' account was delinquent. (Compl. ¶¶ 109-112; 117-119.) Such threadbare allegations that a Defendant provided inaccurate or false account information are not enough to state a claim for liability under the FDCPA. *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018) ("statements must be materially false or misleading to be actionable under the FDCPA."). Moreover, Plaintiffs do not allege the notices and correspondences they received from Defendant Selene regarding their account do not align with the FDCPA's requirements. The factual record itself also does not suggest Defendant Selene conveyed inaccurate or false information regarding Plaintiffs' account.[4] Therefore, Plaintiffs' do not successfully plead a claim under the FDCPA.

Supp. 3d 387, 392 (E.D.N.Y. 2022) ("A lowered credit score in and of itself is not a concrete harm."); *see also Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 66 (2d Cir. 2021) ("A perfunctory allegation of emotional distress. . . is insufficient to plausibly allege constitutional standing."). Therefore, Plaintiffs have constitutional standing to pursue the claims in Counts I and II.

## II. Plaintiffs' Remaining RESPA Claims (Counts I and II) are Dismissed Pursuant to FRCP Rule 12(c)

While the damages alleged in Counts I and II may be sufficient to confer constitutional standing, they are insufficient to state a claim under RESPA. To state a claim under RESPA, a plaintiff "must allege that the defendant failed to comply with specific RESPA provisions and identify damages that she sustained as a result of the defendant's alleged RESPA violations." *Urquizo v. Cmty. Loan Servicing LLC*, No. 24-CV-00909, 2025 WL 1093073, at *6 (E.D.N.Y. Apr. 11, 2025) (internal quotation and citation omitted); 12 U.S.C. § 2605. The damages requirement amounts to a showing of proximate cause. *See Kilgore v. Ocwen Loan Servicing, LLC*, 89 F. Supp. 3d 526, 539 (E.D.N.Y. 2015) (a plaintiff seeking damages "must allege that the damages were proximately caused by the defendant's violation of RESPA." (internal quotation marks omitted)); *Gorbaty v. Wells Fargo Bank, N.A.*, No. 10-CV-3291, 2012 WL 1372260, at *5 (E.D.N.Y. Apr. 18, 2012) (collecting cases). There are two types of cognizable damages under RESPA: "(1) actual damages to the borrower as a result of the failure to comply with § 2605; or (2) statutory damages in the case of a pattern or practice of noncompliance with the requirements of § 2605." *Izmirligil v. Select Portfolio Servicing, Inc.*, No. 18 CV7043, 2020 WL 1941319, at *7 (E.D.N.Y. Apr. 22, 2020) (citation omitted); *see also* 12 U.S.C. § 2605(f)(1). While statutory damages are available, a Plaintiff that "has not alleged any actual damages under the statute and therefore cannot establish liability . . . cannot seek statutory damages." *Jackson v. Caliber Home*

*Loans*, No. 18-CV-4282, 2019 WL 3426240, at *9 (E.D.N.Y. July 30, 2019). As such, courts in this circuit have routinely dismissed RESPA claims that do not allege actual damages or state actual damages in a conclusory manner. *See Dolan v. Select Portfolio Servicing*, No. 03-CV-3285, 2016 WL 4099109, at *5 (E.D.N.Y. Aug. 2, 2016) ("the plain language of Section 2605 indicates that an allegation of actual damages is necessary to state a claim for liability."). Therefore, a plaintiff seeking to recover statutory damages must adequately plead actual damages. This is true whether or not a pattern of noncompliance is alleged. *Murray v. Newrez LLC*, No. 24-CV-6160, 2025 WL 1158090, at *9 (E.D.N.Y. Apr. 21, 2025) ("Even had [plaintiff] shown a pattern or practice of noncompliance, her failure to plead actual damages related to defendants' failure[s] . . . precludes the survival of her claim on statutory damages alone.").

Plaintiffs do not adequately plead actual damages. That is, Plaintiffs fail to articulate the necessary factual allegations that link the alleged harm they suffered to Defendant Selene's purported RESPA violations. *See Gorbaty*, 2012 WL 1372260, at *5; *Izmirligil*, 2020 WL 1941319, at *8. Instead, Plaintiffs simply allege that Defendant Selene continued to "provide[] inaccurate and contradictory information" despite Plaintiffs' "numerous notices of error and requests for information" and "failed and refused to acknowledge or correct [] errors" despite Plaintiffs' notifying Defendant Selene of the purported errors on their account. (Compl. ¶¶ 66-68, 71.) These assertions are insufficient to properly plead actual damages under RESPA. Accordingly, the claims contained in Counts I and II are dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Selene's motion to dismiss the Complaint is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York
September 29, 2026

/s/ LDH
LASHANN DEARCY HALL
United States District Judge